FILED

SEP 4 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

SUSAN GRIFFIN and                    :     CIVIL ACTION NO.
LAWRENCE GRIFFIN,                    :
                                     :
         Plaintiffs,                 :          6  02  2931  20
                                     :
v.                                   :     NOTICE OF REMOVAL
                                     :
NUTRICIA MANUFACTURING               :
USA, INC. (D/B/A NUTRICIA),          :
RICHARDSON LABS, INC., and           :
REXALL SUNDOWN, INC.,                :
                                     :
         Defendants.                 :

Defendants Nutricia Manufacturing USA, Inc., Richardson Labs, Inc., and Rexall Sundown, Inc. (collectively "Defendants"), by and through counsel, hereby remove this action, Docket No. 2002-CP-23-4849 ("State Court Action") from the South Carolina Court of Common Pleas for Greenville County, to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, based upon the following:

1.     Plaintiffs Susan Griffin and Lawrence Griffin filed their complaint against Defendants on July 16, 2002, seeking damages on claims for strict liability, negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligence per se, unfair trade practices, and loss of consortium.

2.     Plaintiffs' complaint and a summons were served on Nutricia Manufacturing USA, Inc., on August 19, 2002, thereby commencing the action against this Defendant.

3.     Plaintiffs' complaint and a summons were served on the statutory agent for service of process for Richardson Labs, Inc., on August 5, 2002, thereby commencing the action against this Defendant.

4.      Plaintiff's complaint and a summons were served on the statutory agent for service of process for Rexall Sundown, Inc., on August 5, 2002, thereby commencing the action against this Defendant.

5.      Defendants have not filed any pleadings or papers in the State Court Action, and the time period during which defendants are required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired.

6.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendants, which papers include Plaintiffs' complaint and summonses, are attached hereto as Exhibit A.

7.      The South Carolina Court of Common Pleas for Greenville County, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the District of South Carolina, Greenville Division.

8.      Removal of this action is proper under 28 U.S.C. § 1441, *et seq.*, because this Court has original jurisdiction over this matter, given that:

(a)      The amount in controversy exceeds $75,000, exclusive of interests and costs.

(b)      Plaintiffs Susan Griffin and Lawrence Griffin are citizens of the State of South Carolina, residing in the County of Orangeburg.

(c)      None of the properly joined defendants is a citizen of the State of South Carolina:

(1)      Defendant Richardson Labs, Inc., is a Delaware corporation with its principal place of business in Boca Raton, Florida.  As such, for diversity purposes, Richardson Labs is a citizen of Delaware and Florida.

2

    (2)    Defendant Rexall Sundown, Inc., is a Florida corporation with its principal place of business in Boca Raton, Florida.  As such, for diversity purposes, Rexall Sundown, Inc. is a citizen of Florida.

(d)    While Plaintiffs have attempted to defeat diversity by naming Nutricia Manufacturing USA, Inc., in their complaint, that attempt should be disregarded by this Court in determining removal.  The attempt to defeat diversity by naming Nutricia Manufacturing USA, Inc., constitutes fraudulent joinder, and ought to be ignored by this Court.  An action may be removed for fraudulent joinder if Plaintiffs have no reasonable possibility of prevailing on their claims against the resident Defendant.  See, e.g. Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir. 1999); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).  Nutricia Manufacturing USA, Inc. is not a proper party to this suit.  Contrary to paragraph No. 2 of Plaintiffs' complaint, Nutricia Manufacturing USA, Inc., is not a wholly owned subsidiary of Rexall.  See, Affidavit of Russell Butcher ("Butcher Affidavit"), Exhibit B, at ¶ 4.  Further, Nutricia Manufacturing USA, Inc., does not design, manufacture, test, inspect, produce, market, distribute, or sell Metab-O-LITE, the product at issue in this litigation, as alleged in Plaintiffs' complaint.  See, Butcher Affidavit, Exhibit B, at ¶ 5.  South Carolina has adopted legislatively the Restatement (Second) of Torts, § 402A (1965).  See S.C. Code Ann. §15-73-10.  Under §15-73-10, a defendant can only be liable as a seller of a product if it is engaged in the business of selling the allegedly defective product.  Likewise, Nutricia Manufacturing USA, Inc., is not a "merchant" or "seller" nor has it injected any goods into "trade" or "commerce."  S.C. Code

3

Ann. §§36-2-314, 36-2-315, and 39-5-10. Moreover, South Carolina law requires a plaintiff in a products liability action to establish three things, regardless of the theory of recovery: (1) that the product injured the plaintiff; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user. See Madden v. Cox, 284 S.C. 574, 579, 328 S.E.2d 108, 112 (S.C. Ct. App. 1985) (citing W. Prosser, Law of Torts 671-72 (4th ed. 1970); Claytor v. General Motors Corp., 277 S.C. 259, 286 S.E.2d 129 (S.C. 1982)). Plaintiffs in this action cannot maintain a cognizable claim against Nutricia Manufacturing USA, Inc., because Nutricia Manufacturing USA, Inc., never engaged in the business of selling Metab-O-LITE and the Metab-O-LITE allegedly ingested by Susan Griffin was never in Nutricia Manufacturing USA, Inc.'s "hands." Nutricia Manufacturing USA, Inc., has no involvement whatsoever in the design, manufacture, inspection, testing, marketing, or sale of Metab-O-LITE. Therefore, the allegations against Nutricia Manufacturing USA, Inc., provide no possible basis for holding it liable to Plaintiffs, and Nutricia Manufacturing USA, Inc., should be dismissed from this action. Plaintiffs have named Nutricia Manufacturing USA, Inc., as a defendant merely for the purpose of defeating the diversity jurisdiction of this Court.

(e)     Accordingly, there is complete diversity of citizenship in this action, and this case is removable on that basis.

4

9.     The undersigned counsel represents Nutricia Manufacturing USA, Inc., Richardson Labs, Inc., and Rexall Sundown, Inc., in this matter, and all Defendants join in and consent to the removal of this action.

10.     Written notice of the filing of this Notice of Removal is being promptly given to Plaintiffs by service hereof, and a copy of the Notice of Removal is being promptly filed with the South Carolina Court of Common Pleas for Greenville County, as required by 28 U.S.C. § 1446(d) and Local Civil Rule 83.IV.01, DSC.

Therefore, Defendants Nutricia Manufacturing USA, Inc., Richardson Labs, Inc., and Rexall Sundown, Inc., jointly remove this action from the South Carolina Court of Common Pleas of Greenville County, to this Honorable Court.

Respectfully submitted,

Elbert S. Dorn Fed. Id.# 4895)
Glenn O. Gray (Fed. Id.# 7813)
Turner, Padget, Graham & Laney, P.A.
Seventeenth Floor, 1901 Main Street
P.O. Box 1473
Columbia, South Carolina 29202
Telephone: (803) 254-2200
Telecopy: (803) 799-3957

**Attorneys for Defendants Nutricia
Manufacturing USA, Inc., Richardson Labs,
Inc., and Rexall Sundown, Inc.**

OF COUNSEL:

Joseph P. Thomas
Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 762-6200
Telecopy: (513) 762-6245

5

EXHIBIT A

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF GREENVILLE    )

Susan Griffin and Lawrence Griffin,  )
                        )
        Plaintiffs,     )
                        )                    2002-CP-23- 4849
    vs.                 )
                        )
Nutricia Manufacturing USA, Inc.     )       **SUMMONS**
(d/b/a Nutricia), Richardson Labs,   )       **(Jury Trial Demanded)**
Inc. and Rexall Sundown, Inc.        )
                        )            Docket No.:
        Defendants.     )
_____)

TO:    THE DEFENDANTS ABOVE NAMED:

        YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in the

captioned action, a copy of which is herewith served upon you, and to serve a copy of your

Answer upon the subscriber, James C. Anders, at his offices at 1315 Blanding Street, Columbia,

South Carolina 29201, or Post Office Box 7485, Columbia, South Carolina 29202,  within thirty

(30) days after the date of such service, exclusive of the day of service; and if you fail to answer

said Complaint within the time aforesaid, judgment by default will be rendered against you for

the relief demanded in the Complaint.

        Dated at Columbia, South Carolina this 12th day of July, 2002.

                        JAMES C. ANDERS, P.A. & ASSOCIATES
                        James C. Anders


                        By: _____
                        James C. Anders, Esquire
                        James C. Anders, P.A. & Associates
                        P.O. Box 7485
                        Columbia, South Carolina 29202
                        (803) 799-9400

                        Attorneys for Plaintiffs


July 12, 2002
Columbia, South Carolina

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENVILLE | ) | CASE NO.: |
| | ) | |
| Susan Griffin and Lawrence Griffin, | ) | 2002-CP-23- 4849 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (Jury Trial Demanded) |
| Nutricia Manufacturing USA, Inc. | ) | |
| (d/b/a Nutricia), Richardson Labs, | ) | |
| Inc. and Rexall Sundown, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of Defendants, herein respectfully alleges as follows:

## PARTIES

1.     The Plaintiff Susan Griffin and the Plaintiff Lawrence Griffin reside in and are citizens of the County of Orangeburg, State of South Carolina.

2.     Defendant Nutricia Manufacturing USA, Inc. (d/b/a Nutricia) is a South Carolina Corporation with its principal place of business in Greenville County.  Upon information and belief, Nutricia Manufacturing USA, Inc. (d/b/a Nutricia) is a wholly-owned subsidiary of Defendant Rexall Sundown, Inc.

3.     The Defendant Richardson Labs, Inc., upon information and belief, is a division of Rexall Sundown, Inc. with its principal place of business in the State of Florida.

4.     The Defendant Rexall Sundown, Inc. is a Florida corporation with its principal place of business in the State of Florida.

5.     At all times herein mentioned, the Defendants conducted business in the State of South Carolina through their agents, servants, and employees, and upon information and belief,

were engaged in the design, manufacture, distribution and sale of Metabolite®, an herbal supplement, which product Defendants placed into the stream of interstate commerce and intended to reach and did ultimately reach consumers in the State of South Carolina.

## FACTS

6.     At some point during or prior to February, 2001, Plaintiff Susan Griffin purchased and began taking Metabolite®, an ephedra-based herbal dietary supplement produced, distributed and marketed by Defendants, for the purpose of losing weight.

7.     Prior to this time, Plaintiff Susan Griffin had no history of epilepsy or seizure activity.

8.     On or about April 10, 2001, Plaintiff Susan Griffin began to seize while sleeping at her home in Elloree, South Carolina.  Shortly thereafter, she was transported to the Regional Medical Center of Orangeburg and Calhoun Counties.

9.     As a result of seizures and hypoxic ischemic encephalopathy, Plaintiff Susan Griffin suffered injury to her brain causing severe and permanent physical and mental disability.

## FOR A FIRST CAUSE OF ACTON
### (Strict Liability)

10.     The Plaintiff Susan Griffin reasserts and realleges each and every allegation contained in the preceding paragraphs as if they were set forth herein verbatim.

11.     Metabolite®, a product designed, manufactured, tested, inspected, produced and marketed by Defendants, is defective and unreasonably dangerous in one or more of the following particulars:

     (a)     By virtue of its design, manufacture, production, inspection and testing;

(b)    Failure to include adequate consumer warnings of the dangers associated with use; and

(c)    By its capacity to produce serious medical harm including, but not limited to, seizures and brain injury when used in an ordinary manner and for the ordinary purpose for which it was designed , produced, manufactured, tested, inspected, marketed, distributed and sold.

12.    As a direct and proximate result of the unreasonable dangerousness of Defendants' product, Plaintiff Susan Griffin suffered severe epileptic seizures and extensive hypoxic ischemic encephalopathy which resulted in permanent brain injury. As a result of this permanent injury, Plaintiff Susan Griffin is now fully dependant on others for all her daily living activities. Furthermore, Plaintiff Susan Griffin will require continuing medical support for the duration of her life as a result of these injuries.  Plaintiff Susan Griffin has suffered great physical and mental suffering and medical and hospital expenses for which she is entitled to compensation from Defendants.

## FOR A SECOND CAUSE OF ACTION
### (Negligence)

13.    The Plaintiff Susan Griffin reasserts and realleges each and every allegation contained in the preceding paragraphs as if they were set forth herein verbatim.

14.    At all times pertinent hereto, Defendants had a duty of reasonable care in design, manufacture, distribution, research and testing, marketing and sale of Metabolite®.

15.    Plaintiffs are informed and believe that Defendants Nutricia Manufacturing USA, Inc. (d/b/a Nutricia); Rexall Sundown, Inc.; and, Richardson Labs, Inc. breached the duty of care

owed to Plaintiff Susan Griffin herein and were negligent, careless, willful, wanton, reckless, and grossly negligent in the following particulars causing or contributing to her injuries:

(a)    Failure to properly design, manufacture, test, research and inspect its product, Metabolite®;

(b)    Failing to provide adequate warnings to Plaintiff Susan Griffin of the dangers associated with use of Metabolite®; and,

(c)    Failing to discontinue marketing, distributing and selling Metabolite® after Defendants knew or should have known that Metabolite® was not reasonably safe as designed, manufactured, marketed, distributed and/or sold.

16.    At all times mentioned herein, Plaintiff Susan Griffin was using Metabolite® in a foreseeable manner and for the purpose for which it had been designed, manufactured, marketed, distributed, inspected, tested and sold.

17.    As a proximate result of Defendants' negligence, willfulness, wantonness, recklessness, and gross negligence, Plaintiff Susan Griffin suffered the permanent injuries and damages alleged above for which she is entitled to actual and punitive damages from Defendants.

### FOR A THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

18.    Plaintiff Susan Griffin realleges and reiterates all of the allegations contained in the preceding paragraphs as fully as if repeated herein verbatim.

19.    The Defendants injected Metabolite® into the stream of commerce.

20.    The Metabolite® reached the user without substantial change in the condition in which it was sold.

21.    By placing Metabolite® in the marketplace, Defendants impliedly warranted that this product was merchantable and fit for the purpose for which such product was used, in that Metabolite® was reasonably safe, by virtue of design, manufacture, marketing, inspection, and testing.

22.    Plaintiff Susan Griffin would show that Defendants breached the said implied warranties in one or more, but not limited to, the following particulars:

(a)    Metabolite® is not fit for the purpose for which it was sold;

(b)    Metabolite® is not made from good and merchantable materials;

(c)    Metabolite® was not properly manufactured, tested, or inspected prior to sale and distribution to the Plaintiff Susan Griffin; and

(d)    Defendants failed to properly warn the user of the dangers associated with use of Metabolite® and its components.

23.    As a direct and proximate result of the breach of implied warranties by Defendants as alleged above, Plaintiff Susan Griffin suffered the permanent injuries and damages alleged above for which she is entitled to actual damages from Defendants.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

24.    The Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if they were set forth herein verbatim.

25.    Defendants held themselves out as experts in the production, manufacturing, sales and distribution of dietary products, such as Metabolite®, and represented the Metabolite® and its components were fit and safe for the particular purpose for which Plaintiff Susan Griffin

intended to use it.

26.    Plaintiff Susan Griffin relied on Defendants expertise, creating an implied warranty of fitness for a particular purpose.

27.    Defendants breached this warranty by providing Plaintiff Susan Griffin with a product not fit or safe for the particular purposes for which it was to be used.

28.    Plaintiff Susan Griffin was a foreseeable user of Metabolite®.

29.    As a direct and proximate result of Defendants breach of warranty of fitness for a particular purpose, Plaintiff Susan Griffin suffered the permanent injuries and damages alleged above for which she is entitled to actual damages from Defendants.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence Per Se)

30.    Plaintiff Susan Griffin realleges and reiterates all of the allegations contained in the preceding paragraphs as fully as if repeated herein verbatim.

31.    Defendants were guilty of negligence per se in failing to comply with the applicable state regulations and statutes governing the manufacture, production, distribution, sale and labeling of Metabolite®, a dietary supplement, in a manner causing injury to Plaintiff Susan Griffin.  In particular, Defendants violated the following statutes and regulations:

      (a)    S.C. Code Ann. § 39-25-10 et seq., including § 39-25-30.

      (b)    S.C. Code Regs. 5-300 et seq.

32.    As a direct and proximate result of the negligence of Defendants in one or more of the particulars set forth above, Plaintiff Susan Griffin suffered the permanent injuries and damages alleged above for which she is entitled to actual and punitive damages from Defendants based

upon Defendants' negligence per se.

## FOR A SIXTH CAUSE OF ACTION
### (Unfair Trade Practice—S.C. Code Ann. §§39-5-10 et seq.)

33.    Plaintiff Susan Griffin realleges and reiterates all of the allegations contained in the preceding paragraphs as fully as if repeated herein verbatim.

34.    By violating the statutes and regulations named above, by breaching the implied warranty of merchantability, by breaching the implied warranty of fitness for a particular purpose and by placing a dangerous product within the stream of commerce, Defendants' have engaged in a deceptive trade practice in violation of S.C. Code Ann. § 39-5-20(a).

35.    As a direct and proximate result of Defendants' use of the deceptive practices outlined herein, Plaintiff Susan Griffin was induced to purchase and consume Metabolite®, resulting in severe and permanent physical and mental disability.

36.    By virtue of the foregoing, Defendants' deceptive practices were intended and did in fact induce numerous South Carolina residents to purchase and consume Metabolite®, such that these deceptive practices adversely affected the public interests of South Carolina, and are capable of repetition by Defendants.

37.    Plaintiff Susan Griffin contends that these unfair and deceptive trade practices were employed knowingly by Defendants, as described in S.C. Code Ann. §39-5-140(d).

38.    As such the Plaintiff is entitled to recover treble actual damages, attorney's fees and court costs, pursuant to S.C. Code Ann. §39-5-140(a).

## FOR A SEVENTH CAUSE OF ACTION
### (Loss of Consortium)

39.     Plaintiff Lawrence Griffin realleges and reiterates all of the allegations contained in the preceding paragraphs as fully as if repeated herein verbatim.

40.     As a direct and proximate result of the Defendants' breach of its duty of reasonable care and their negligence, willfulness, wantonness and recklessness as hereinabove set fourth, Plaintiff Lawrence Griffin has lost the aid, comfort, companionship, consortium, society ad services of his wife, Susan Griffin, has lost the benefit of her income and support, and has suffered severe emotional suffering, grief, sorrow and trauma for which Plaintiff Lawrence Griffin is entitled to an award of actual and punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiffs pray for judgment as follows:

a.     As to the Second, Fifth and Seventh Causes of Action, for an award of actual damages and punitive damages in an amount to be determined by a jury;

b.     As to the First, Third and Fourth Causes of Action, for an award of actual damages to be determined by the jury;

c.     As to the Sixth Cause of Action, for an award of treble actual damages, attorneys' fees and costs, pursuant to S.C. Code Ann. §39-5-140(a)

d.     As to the First, Second, Third, Fourth, Fifth and Seventh Causes of Action, for the costs and disbursements of this suit; and

e.     For such other relief as is just and proper.

**Jury Trial Demanded.**

Page 8 of 9

Respectfully Submitted,


James C. Anders
John G. Felder, Jr.
Chad McGowan
James C. Anders, P.A. & Associates
1315 Blanding Street
Post Office Box 7485
Columbia, South Carolina   29202
Telephone (803) 799-9400
Facsimile (803) 799-2017


John G. Felder, Sr.
Felder Prickett & McGee, LLP
P.O. Box 346
St. Matthews, SC 29135
Phone (803) 874-2010
Facsimile (803) 655-7167


Attorneys for the Plaintiff

Columbia, South Carolina

July 12 , 2002

EXHIBIT B

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| SUSAN GRIFFIN and<br>LAWRENCE GRIFFIN | : | CIVIL ACTION NO. |
| | : | |
| | : | JUDGE |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | AFFIDAVIT OF RUSSELL BUTCHER |
| | : | |
| NUTRICIA MANUFACTURING | : | |
| USA, INC. (D/B/A NUTRICIA), | : | |
| RICHARDSON LABS, INC. and | : | |
| REXALL SUNDOWN, INC. | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Russell Butcher, of full age, being duly sworn according to law, deposes and says:

1.      I have personal knowledge of the facts set forth in this affidavit.

2.      I am employed by Rexall Sundown, Inc., whose principal place of business is located at 6111 Broken Sound Parkway, NW, Boca Raton, Florida 33487.

3.      I am the Senior Director of Operations.  In that capacity I am primarily responsible for the manufacturing of all Rexall Sundown, Inc. products.

4.      Nutricia Manufacturing USA, Inc., is not a wholly owned subsidiary of Rexall Sundown, Inc.

5.      Nutricia Manufacturing USA, Inc., does not design, manufacture, test, inspect, produce, market, distribute, or sell Metab-O-LITE.

**FURTHER AFFIANT SAYETH NAUGHT**

RUSSELL BUTCHER

STATE OF FLORIDA                    :
                                    :        SS
COUNTY OF PALM BEACH                :

       Subscribed and sworn to before me, a Notary Public, this 3rd day of September, 2002.

*Wendy A. Smith*

Notary Public

My commission expires on:

WENDY A. SMITH
My Comm Exp. 10/30/2002
No. CC 761361
[X] Personally Known  [ ] Other I.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent via regular U.S. Mail this 4th day of ____Sept.____ , 2002 to the following:

James C. Anders, Esq.
John G. Felder, Jr., Esq.
Chad McGowan, Esq.
JAMES C. ANDERS, P.A. & ASSOCIATES
P.O. Box 7485
Columbia, South Carolina  29202

and

John G. Felder, Sr., Esq.
FELDER PRICKETT & MCGEE, LLP
P.O. Box 346
St. Matthews, South Carolina  29135
**Attorneys for Plaintiffs**

6